■ MANUFACTURERS HANOVER TRUST Co., Respondent, v L.N. PROPERTIES INC. et al., Appellants.—Order, Supreme Court, New York County (C. Beauchamp Ciparick, J.) entered December 14, 1990 which, *inter alia,* denied summary judgment in favor of defendants, unanimously affirmed, with costs.

Plaintiff seeks to recover $1,103,027 plus interest from the defendants, based upon a certain note and guarantees executed by the defendants in various capacities, in favor of plaintiff, to secure the payment of a loan in the principal amount of $1,000,000. Defendants do not dispute the existence and execution of the note and guarantees but, in opposition to the plaintiff's motion for summary judgment pursuant to CPLR 3213, raise the defenses of lack of consideration, misapplication of the proceeds of the loan by the plaintiff, and fraud.

All of the defenses arise from allegations that plaintiff misapplied proceeds of the loan and then willfully failed to disclose its acts to the defendants. If proved, lack of consideration is a "perfectly viable defense." *(Fopeco, Inc. v General Coatings Technologies,* 107 AD2d 609, 610.)

The record makes clear that there are issues of fact as to when defendants became aware of the application of the loan proceeds which they contend was improper and as to whether defendants acquiesced in that use of the funds. Further, the parties disagree with respect to the exact purpose of the loan, evidenced by the note and guarantees, in relation to the underlying business arrangement between the defendants and an individual not a party to this action, whose account was credited with the proceeds of the loan and whose personal debts to plaintiff were allegedly improperly paid out of the loan proceeds. Consequently, the granting of summary judgment would require inferences not warranted by this record. Concur—Rosenberger, J. P., Kupferman, Ross, Asch and Kassal, JJ.