■ Laszlo Halasz et al., Appellants, v Robert Dean, Sr., et al., Respondents. [610 NYS2d 299] —In an action to recover on an instrument for the payment of money only, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated October 26, 1993, as denied their motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiffs' motion for summary judgment is granted, the plaintiffs are granted judgment against the defendants in the principal sum of $45,000, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the amount of interest due to the plaintiffs on the note.

The only material evidence submitted by the defendants in

support of their defense of fraudulent inducement was parol evidence regarding an alleged agreement between the parties whereby the express requirement of the note that it be repaid in full, with interest, on April 15, 1991, would not be enforced by the plaintiffs. Because the note contains an unambiguous repayment term directly contradicting the alleged oral misrepresentation, evidence of that alleged oral misrepresentation is barred by the parol evidence rule *(see, Citibank v Plapinger,* 66 NY2d 90, 95-96; *DH Cattle Holdings Co. v Reno,* 196 AD2d 670; *Curwil Constr. Corp. v RHP Dev. Corp.,* 194 AD2d 514; *Glenfed Fin. Corp. v Aeronautics & Astronautics Servs.,* 181 AD2d 575; *Marine Midland Bank v Cafferty,* 174 AD2d 932). However, the interest due on the note up until the time of maturity can only be determined by reference to documents dehors the record. Therefore, we remit the matter to the Supreme Court, Nassau County, for a determination on the issue of interest. Mangano, P. J., O'Brien, Hart and Florio, JJ., concur.