■ FRANCIS J. PAOLANGELI, Appellant, v RICHARD COWLES, Respondent. [617 NYS2d 936] —Crew III, J. Appeal from an order of the Supreme Court (Relihan Jr., J.), entered March 24, 1994 in Tompkins County, which denied plaintiff's motion for summary judgment in lieu of complaint.

Defendant and Barry Kasonic formed La Vette Development Corporation to develop a tract of land in the Village of Lansing, Tompkins County. In order to pay for the construction of roads in the development, defendant and Kasonic entered into an agreement with plaintiff whereby the latter would construct the roads in return for, *inter alia,* one-third ownership of La Vette. As a consequence, plaintiff was given 25 shares of La Vette. Kasonic personally was indebted to plaintiff in an unrelated matter and ultimately transferred his shares in La Vette to plaintiff in satisfaction of that indebtedness. A "supplemental shareholders agreement", dated December 31, 1990, provided for the conveyance of Kasonic's interest in La Vette to plaintiff and also provided that defendant would purchase 12½ shares of La Vette from plaintiff so that each would own one half of the outstanding shares. In consideration therefor, defendant gave a promissory note to plaintiff for $50,000, also dated December 31, 1990, payable on demand but, in any event, no later than two years from the date of the note.

In 1994, plaintiff served a notice of motion for summary judgment in lieu of complaint seeking to enforce the note. Defendant submitted a sworn affidavit in opposition to the motion averring that he had no interest in purchasing the 12½ shares of La Vette from plaintiff, but did so at plaintiff's request so that plaintiff could show the $50,000 on his financial statement as an account receivable to offset the cancellation of the debt from Kasonic which, in turn, would permit him to continue to exhibit a strong financial position when dealing with his lending institutions. Defendant further averred that plaintiff agreed that the note would never be enforced and that his only recourse on the note would be the return of the 12½ shares of stock. Supreme Court denied

plaintiff's motion for summary judgment and directed service of a complaint on defendant. This appeal ensued.

Contrary to plaintiff's assertion, defendant does not offer parol evidence to vary the terms of the promissory note, but rather to show that the note was never intended to take effect. It has long been recognized that "[t]he parol evidence rule does not bar the admission of parol evidence to show that what appears to be a contractual obligation is, in fact, no obligation at all" (Richardson, Evidence § 607, at 602 [Prince 10th ed]; *see, Bernstein v Kritzer,* 253 NY 410, 416). Plaintiff also contends that defendant's affidavit is conclusory in nature and does not, therefore, raise a triable issue of fact. We disagree. Defendant has submitted a factually detailed affidavit explaining the reasons for misrepresenting the transaction as creating a valid note and how this benefited plaintiff, thus preventing the grant of summary judgment *(see, Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255).

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.