■ RONALD J. DEVITO, Respondent, v ALVIN BENJAMIN, Appellant. [663 NYS2d 266] —In an action to recover on a promissory note, the defendant appeals from (1) an order of the Supreme Court, Nassau County (O'Brien, J.), dated May 6, 1996, which granted the plaintiff's motion pursuant to CPLR 3213 for summary judgment in lieu of a complaint, and denied the defendant's cross motion to consolidate the action with an action pending in the same court entitled *Cohen v Benjamin,* Index No. 95-10139, and (2) a judgment of the same court entered August 1, 1996, in favor of the plaintiff and against the defendant in the principal amount of $121,974.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law and as a matter of discretion, the order is vacated, the motion is denied, the moving and answering papers are deemed the complaint and the answer, respectively, the cross motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff and the defendant formed a limited partnership for the purpose of investing in two apartment buildings in Nassau County. Both the plaintiff and the defendant were limited partners; a corporation wholly owned by the defendant was the

general partner. During the course of the limited partnership, the defendant executed a promissory note obligating him personally to pay the plaintiff the sum of $561,097, inclusive of interest, in 10 annual payments.

The plaintiff commenced this action to recover on the note by moving pursuant to CPLR 3213 for summary judgment in lieu of a complaint, alleging that the defendant defaulted in making the final two payments required by the note. In opposition to the motion, the defendant claimed that the payment schedule established in the note was actually the schedule of commissions payable to the plaintiff by the limited partnership for selling interests in the limited partnership to other individuals. According to the defendant, the payment schedule bore a direct relationship to the annual capital contributions by the other limited partners, and the plaintiff did not receive his commissions in the final two years because the limited partners had not made their capital contributions. The defendant alleged that he agreed to sign the note for the plaintiff to display to prospective personal creditors, but that the parties agreed that the note would not be enforceable against the defendant personally. The defendant also cross-moved for consolidation of this action with another pending action brought by the plaintiff and other limited partners alleging, *inter alia,* fraud and breach of contract by the defendant.

The Supreme Court granted the plaintiff's motion and denied the cross motion. The court rejected the defendant's claims as inconsistent with the unconditional terms of the note, and granted summary judgment to the plaintiff.

Although the defendant does not take issue with the sufficiency of the evidence submitted in support of the plaintiff's motion, we note that the Supreme Court properly concluded that the plaintiff established prima facie entitlement to summary judgment in lieu of a complaint by submitting the note with an affidavit attesting to the defendant's default thereon (*see, Falco v Thorne,* 225 AD2d 582; *Vernon v Winikoff,* 182 AD2d 753).

We disagree, however, with the Supreme Court's analysis of the evidence submitted in opposition to the motion. Although the parol evidence rule bars evidence offered to contradict the express terms of a document (*see, Halasz v Dean,* 203 AD2d 327; *Marine Midland Bank v Cafferty,* 174 AD2d 932; *Rice v Cohen,* 161 AD2d 530), the rule does not preclude a party from offering evidence demonstrating that what appears to be an obligation was not intended to be an obligation at all (*see,* Prince, Richardson on Evidence, § 11-202 [Farrell 11th ed]; 58

NY Jur 2d, Evidence and Witnesses, § 609). The evidence submitted by the defendant in this case was intended not merely to contradict the express terms of the note, but was properly offered to demonstrate that the note was never intended to be an obligation enforceable against the defendant (*see, Lombard & Co. v De La Roche,* 235 AD2d 333; *Adirondack Bank v Simmons,* 210 AD2d 651; *Paolangeli v Cowles,* 208 AD2d 1174).

We conclude that the evidence submitted by the defendant was sufficient to raise triable issues of fact which preclude granting summary judgment in lieu of a complaint (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562).

In view of the issues of law and fact which this action shares with the pending action involving the limited partnership, consolidation is warranted (*see,* CPLR 602 [a]). Bracken, J. P., Copertino, Santucci and McGinity, JJ., concur.