■ ALLEN F. MAIKELS, Respondent, v ALBANY BROADCASTING COMPANY, INC., Appellant. [670 NYS2d 265] —Yesawich Jr., J. Appeals (1) from an order of the Supreme Court (Harris, J.), entered July 3, 1997 in Albany County, which granted plaintiff's motion for summary judgment in lieu of complaint, and (2) from the amended judgment entered thereon.

On August 15, 1996, defendant executed a promissory note payable to Kriscott Broadcasting, Inc. in the sum of $170,000. This note provided that repayment of the principal sum was to be paid in 20 quarterly installments of $8,500 beginning on November 15, 1996. The note was made in accordance with the terms of an "Asset Purchase Agreement" (hereinafter the agreement) which, *inter alia*, required defendant, at the option of Kriscott, to lease two automobiles to Kriscott and also allegedly required Kriscott to continue making certain licensing fee payments until closing.

Kriscott thereafter assigned the note to plaintiff. After defendant failed to make the first payment, plaintiff demanded the whole of the principal sum of the note. In December 1996, defendant paid $8,500, after which, plaintiff again demanded the entire balance due ($161,500), plus interest, as a result of defendant's default. In February 1997, plaintiff commenced this action for judgment upon the note by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. Defendant opposed the motion arguing that although it did not make the initial payment until December 16, 1996, it was not obligated to make such payment until Kriscott executed the

automobile leases according to the terms of the agreement and, furthermore, that Kriscott breached the agreement by failing to pay certain licensing fees. Supreme Court granted plaintiff's motion and this appeal by defendant ensued.

We affirm. "It is well settled that a promissory note, as an instrument for the payment of money only, is entitled to the expedited procedure detailed in CPLR 3213" (*R-H-D Constr. Co. v Miller*, 222 AD2d 802, 803 [citations omitted]; *see, Friends Lbr. v Cornell Dev. Corp.*, 243 AD2d 886, 887-888). Since plaintiff presented a prima facie case by demonstrating the execution of the note and defendant's default in payment (*see, Friends Lbr. v Cornell Dev. Corp.*, *supra*, at 887-888), it was incumbent upon defendant to demonstrate "the existence of a triable issue of fact with respect to a bona fide defense" (*id.*, at 887). Defendant failed to satisfy this burden.

Defendant maintains that, under the terms of both the note and the agreement, Kriscott was required to execute two automobile lease agreements before defendant became obligated to make the first payment under the note. Contrary to defendant's contention, neither the language of the agreement nor that of the note conditions defendant's obligation to make the first payment upon Kriscott's signing of the lease agreements. Significantly, the lease agreement was intended to benefit Kriscott, which had the option to exercise it or not. Hence, Kriscott's failure to complete the lease transaction has no bearing on defendant's liability under the note. The fact that defendant delivered the vehicles before the leases were executed, to its apparent financial detriment, is irrelevant to the matter at hand.

In support of its claim that Kriscott breached the agreement by failing to make certain licensing fee payments, defendant offered nothing "more than mere conclusory and/or unsubstantiated allegations" (*Batinkoff v Batinkoff*, 173 AD2d 929, 931). In fact, that portion of the agreement allegedly requiring such payments was not even included in defendant's opposition papers. Accordingly, denial of plaintiff's motion was not warranted on either of the grounds put forth by defendant.

Mikoll, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the order and amended judgment are affirmed, with costs.