■ CAROLYN WILLIAMS, Appellant, v RONALD ROSS, Respondent. [716 NYS2d 756] —Cardona, P. J. Appeal from an order of the Supreme Court (Dowd, J.), entered January 31, 2000 in Ot-

sego County, which granted defendant's motion for summary judgment dismissing the complaint.

This appeal involves a dispute over approximately 130 acres of land located in the Town of Maryland, Otsego County, formerly owned by Florence Ross. On June 4, 1990, Ross conveyed said property to defendant, her son, and the deed was recorded in the office of the Otsego County Clerk on July 16, 1990. On November 10, 1992 and on February 16, 1995, Ross conveyed property in the Town of Maryland to plaintiff, her daughter, and those deeds were recorded in the same office on February 17, 1995. Ross died on March 31, 1996.

Thereafter, a title search revealed that although the deeds to plaintiff contained a description of the 130-acre parcel, such property was previously conveyed to defendant in the June 1990 deed. As a result, plaintiff commenced this action pursuant to RPAPL article 15 to quiet title to the property. Defendant, in turn, served an answer with counterclaims and made a motion for summary judgment dismissing the complaint. Supreme Court granted defendant's motion and, *inter alia*, declared him to be the lawful owner of the property, resulting in this appeal.

Initially, we note that the execution and recordation of the deed from Ross to defendant raised a presumption that the deed was validly delivered (*see, Ten Eyck v Whitbeck*, 156 NY 341, 352; *see generally, Manhattan Life Ins. Co. v Continental Ins. Cos.*, 33 NY2d 370, 372). In addition, by recording his deed before plaintiff, defendant obtained a superior claim to title under the provisions of Real Property Law § 291. Plaintiff, however, argues that the presumption was rebutted by evidence indicating that Ross did not intend to convey the subject property to defendant and, therefore, defendant's summary judgment motion should have been denied.

In support of her claim, plaintiff submitted her own affidavit indicating that Ross became ill in June 1990 and experienced states of confusion. She averred that, from September 1990 through 1995, she observed Ross become upset when defendant was in her presence. She also referred to an unprobated will executed by Ross in May 1991, subsequent to the conveyance to defendant, in which Ross bequeathed the subject parcel to plaintiff.

Plaintiff also offered the affidavit of Betty Jane Sisson, her half-sister and the executor of Ross' estate, which stated that Ross paid the taxes on the subject property from 1990 until her death and communicated her desire to leave the property to plaintiff. In addition, plaintiff submitted the affidavit of her

sister, Jean Gardner, who also indicated that Ross' illness made her confused and that Ross acted as if she were afraid of defendant. According to Gardner, Ross communicated her desire to leave the subject property to plaintiff upon her death and did not indicate that it had previously been conveyed to defendant. Lastly, plaintiff submitted the affidavit of Rodney Klafehn, the attorney who prepared many deeds for Ross between 1988 and 1995, including the deeds from Ross to plaintiff. He acknowledged that the property descriptions were poor, but indicated that Ross appeared possessed of her faculties and exhibited a desire to convey the subject parcel, as depicted on various maps, to plaintiff. He stated that Ross did not appear uncertain of her ownership of the properties conveyed.

Contrary to defendant's claim, the parol evidence rule (Real Property Law § 240 [3]) does not require that we disregard plaintiff's proof inasmuch as the parties' dispute does not center upon ambiguities in the deeds executed by Ross (compare, Schweitzer v Heppner, 212 AD2d 835; Iulucci v Maloy, 199 AD2d 720). Likewise, plaintiff's evidence is not barred by the Statute of Frauds (General Obligations Law § 5-703) because plaintiff is not attempting to establish a conveyance of the subject property to her without the required writing. Furthermore, the Dead Man's Statute (CPLR 4519) does not preclude our consideration of statements allegedly made by Ross which have been offered in opposition to defendant's motion for summary judgment (see, Phillips v Kantor & Co., 31 NY2d 307, 315; Moyer v Briggs, 47 AD2d 64, 66).

Nevertheless, considering all of the proof, we are of the view that plaintiff has not overcome the presumption of valid delivery. While the affidavits suggest that Ross may have experienced some "confusion" around the time of the conveyance to defendant, there is nothing to substantiate the conclusion that she did not know what she was doing or did not intend to convey the property to him. Given the extensive amount of real property owned by Ross, the fact that she may have bequeathed the subject parcel to plaintiff in the unprobated May 1991 will and made subsequent conveyances to plaintiff in which she included the description of the same parcel does not, by implication, reveal her intent not to convey the property to defendant in June 1990. In sum, absent more compelling proof that Ross never intended to convey the property to defendant or that she was coerced or pressured into doing so, defendant's motion for summary judgment was properly granted.

Mercure, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.