■ JOSEPH B. MASTRO, Appellant, v EDWARD J. CARROLL, Respondent. [745 NYS2d 619] —Cardona, P.J. Appeal from an order of the Supreme Court (Cobb, J.), entered June 29, 2001 in Ulster County, which denied plaintiff's motion for summary judgment in lieu of complaint.

On December 22, 1993, defendant, an attorney, executed a promissory note made payable to plaintiff in the amount of $30,000. The promissory note provided that it was due on demand and, if no demand was made, within one year after the making of the note. It also set forth that the note would bear interest and plaintiff would be entitled to counsel fees if defendant defaulted. Claiming that defendant "failed to remit any payments," plaintiff commenced this action in July 2000 by moving for summary judgment in lieu of complaint pursuant to CPLR 3213. Defendant opposed the relief, raising lack of consideration as a defense claiming that the $30,000 was given to him by a third person and not by plaintiff.* Defendant also contended that he was entitled to an automatic stay due to his filing of a chapter 13 bankruptcy petition. Supreme Court initially stayed determination of the motion, however, following the termination of the bankruptcy proceeding, denied plaintiff's motion for summary judgment reasoning that defendant's claim of lack of consideration raised triable issues of fact. Plaintiff appeals.

Plaintiff established a prima facie case herein by submitting proof indicating that defendant executed the promissory note and defaulted in its payment to plaintiff (*see, Maikels v Albany Broadcasting Co.*, 248 AD2d 915, 916; *Friends Lbr. v Cornell Dev. Corp.*, 243 AD2d 886, 887). The burden then shifted to defendant to submit "proof demonstrating the existence of a triable issue of fact with respect to a bona fide defense" (*Friends Lbr. v Cornell Dev. Corp., supra* at 887; *see, Maikels v Albany Broadcasting Co., supra* at 916; *Lavelle v Urbach, Kahn & Werlin*, 198 AD2d 751, 751). Lack of consideration is a viable defense (*see, Manufacturers Hanover Trust Co. v L.N. Props.*, 174 AD2d 383). Notably, the promissory note is not unambiguous on its face inasmuch as it does not state that defendant received funds from plaintiff or that the note was executed for value received (*cf., Friends Lbr. v Cornell Dev. Corp., supra;*

---

* We note that although defendant raises additional defenses in his brief, these claims were not made before Supreme Court and will not be addressed herein.

*Crumbliss v Swerdlow*, 158 AD2d 502, *lv denied* 75 NY2d 710). Accordingly, consideration of parol evidence in such a case is proper (*see*, *DeVito v Benjamin*, 243 AD2d 600; *Adirondack Bank v Simmons*, 210 AD2d 651; 58 NY Jur 2d, Evidence and Witnesses, § 576; *cf.*, *Schmitz v MacDonald*, 250 AD2d 533, *lv denied* 92 NY2d 809). Significantly, although plaintiff objects to the defense of lack of consideration, his affidavit in support of his motion fails to affirmatively state that he tendered defendant the $30,000. Given the ambiguities presented, Supreme Court properly denied plaintiff's motion.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.