■ GERTRUD JURKIEWICZ, Appellant, v MANFRED G. ZECHEW-YTZ, Respondent. [788 NYS2d 702]—

Crew III, J. Appeal from an order of the Supreme Court (Clemente, J.), entered December 22, 2003 in Sullivan County, which denied plaintiff's motion for summary judgment in lieu of complaint.

The instant dispute concerns plaintiff's conveyance of certain real property to defendant in or about February 2002. According to plaintiff, defendant purchased the property from her for $30,000 and executed a promissory note obligating him to pay plaintiff 60 monthly installments of $594. According to defendant, who has no recollection of executing the foregoing note and in fact asserts that what purports to be his signature thereon is a forgery, plaintiff conveyed the property to him as a gift in recognition of his many years of neighborly service to plaintiff and her deceased husband. Plaintiff moved for summary judgment in lieu of complaint, and defendant opposed that application. Supreme Court denied plaintiff's motion and converted plaintiff's affidavit to a complaint and defendant's affidavit in opposition to an answer. This appeal by plaintiff ensued.

We affirm. Simply put, we agree with Supreme Court that the record as a whole raises a question of fact as to the legitimacy and genuineness of defendant's alleged signature on the purported promissory note, as well as the circumstances under which the property in question was conveyed to defendant. We also note that contrary to plaintiff's assertion, parol evidence is admissible where, as here, a party is asserting that what purports to be a binding contract is, in fact, no contract at all (*see W.L. Christopher, Inc. v Seamen's Bank For Sav.*, 144 AD2d 809, 810 [1988]; *see also Davis v Davis*, 266 AD2d 867, 868 [1999], *lv denied* 94 NY2d 761 [2000]). Plaintiff's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.