ESTATE OF GEORGE L. GOTH, Deceased, Appellant, v TODD N. TREMBLE, Respondent. [873 NYS2d 364]—

Malone Jr., J. Appeal from an order of the Supreme Court (Teresi, J.), entered July 1, 2008 in Greene County, which denied plaintiff's motion for summary judgment.

Plaintiff commenced this action seeking payment as holder of two promissory notes executed by defendant in favor of George L. Goth (hereinafter decedent). In his answer, defendant argued that the notes are unenforceable as they were made without consideration and, alternatively, that they were satisfied by services rendered in lieu of payment. Defendant also counterclaimed seeking payment for services provided to decedent under theories of quantum meruit and unjust enrichment. Plaintiff moved for summary judgment on both its complaint

and the counterclaims. Supreme Court explicitly denied plaintiff's motion for summary judgment on the complaint and implicitly denied plaintiff's motion for summary judgment dismissing the counterclaims. Plaintiff now appeals.

First, we reject plaintiff's contention that Supreme Court erred in denying its motion for summary judgment on the complaint. In support of its motion, plaintiff primarily relies on the promissory notes and the dearth of any documentation that any payments were received by decedent on the notes. The first note—executed December 5, 2003 and prepared by an attorney—is in the amount of $58,700 with 8% interest and includes specifications as to the manner of repayment. It expressly states that it "represents repayment for loans made by decedent to [defendant] and includes in this balance a prior loan and note for $18,000.00 which is encompassed hereby." The second note was handwritten by defendant on January 1, 2006 and promises to pay decedent the sum of $146,800 at 8% interest and states "Interest only payments can be paid until the time [that decedent and] I both requests [sic] a change." On this evidence, plaintiff met its initial burden of establishing a prima facie case for summary judgment (see Mastro v Carroll, 296 AD2d 802, 802 [2002]; Maikels v Albany Broadcasting Co., 248 AD2d 915, 916 [1998]; Friends Lbr. v Cornell Dev. Corp., 243 AD2d 886, 887 [1997]).

We further conclude, however, that defendant demonstrated the existence of at least one triable issue of fact which precludes summary judgment in plaintiff's favor (see CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). "Lack of consideration is a viable defense" to enforcement of a promissory note (Mastro v Carroll, 296 AD2d at 802; see Manufacturers Hanover Trust Co. v L.N. Props., 174 AD2d 383 [1991]). Here, defendant admits that decedent provided him with financial assistance at times when defendant's farm was struggling, but asserts that decedent intended to gift the various sums involved and did not expect repayment. According to defendant, decedent was his best friend and, as fellow farmers, the two helped each other voluntarily. Likewise, defendant testified that the promissory notes were intended as gifts and, further, were limited to gifts causa mortis inasmuch as defendant had no expectation of being able to complete the gifts during his lifetime. He testified that he delivered each note to decedent in an envelope marked, "To be opened only in the event of [defendant's] death" because he hoped that should defendant die he "could somehow reimburse [decedent] for these gifts from the proceeds of [his] estate." Defendant's characterization

of the mutual generosity between decedent and defendant is corroborated by the affidavit of decedent's nephew. Plaintiff, on the other hand, presented the affidavit of an attorney who stated that shortly before decedent's death, decedent communicated to the attorney that the promissory notes should be counted among decedent's assets. Accordingly, when construed in the light most favorable to the nonmoving party, defendant has raised a triable issue of fact with respect to the existence of consideration supporting the promissory notes (*see Mastro v Carroll*, 296 AD2d at 803; *Paolangeli v Cowles*, 208 AD2d 1174, 1175 [1994]; *cf. Bell v Xanthopoulos*, 202 AD2d 910, 912 [1994]; *see also DeVito v Benjamin*, 243 AD2d 600, 602 [1997]; *Dayan v Yurkowski*, 238 AD2d 541, 541-542 [1997]; *Lombard & Co. v De La Roche*, 235 AD2d 333, 334 [1997]).

Further, although the Dead Man's Statute (*see* CPLR 4519) may impact defendant's ability at trial to prove that decedent did not expect repayment of the money that he provided to defendant, contrary to plaintiff's argument, that fact does warrant summary judgment on this record. "Evidence, otherwise relevant and competent upon a trial or hearing, but subject to exclusion on objection under the Dead Man's Statute, should not predetermine the result on summary judgment in anticipation of the objection" (*Phillips v Kantor & Co.*, 31 NY2d 307, 310 [1972]; *see Williams v Ross*, 277 AD2d 776, 778 [2000]). Unlike a case where the sole evidence offered in support of a defense would be barred by the Dead Man's Statute, here, the key issue underlying defendant's defense—i.e., *defendant's* intent in drafting the notes—does not necessarily hinge on any representation or action made or taken by decedent (*cf. Mantella v Mantella*, 268 AD2d 852, 853 [2000]; *Albany Sav. Bank v Seventy-Nine Columbia St.*, 197 AD2d 816, 817 [1993]). Further, if plaintiff decides to rely, as it did here, on the assertion of the attorney who stated that decedent considered the notes part of his estate, the door will open, under the plain text of the statute, to defendant's testimony about the same transaction (*see* CPLR 4519; *Matter of Wood*, 52 NY2d 139, 145 [1981]). Accordingly, we fully concur with Supreme Court's decision to leave application of the Dead Man's Statute to the trial court.

On the other hand, we conclude that plaintiff's motion for summary judgment on the counterclaims should have been granted. The first counterclaim pleaded a cause of action sounding in quantum meruit for services provided by defendant to decedent. However, defendant candidly admits that he had no expectation that decedent would pay him for such services. Inasmuch as an expectation of compensation is a necessary ele-

ment of a cause of action for quantum meruit, plaintiff was entitled to summary judgment on this counterclaim (*see Rowley, Forrest, O'Donnell & Beaumont, P.C. v Beechnut Nutrition Corp.*, 55 AD3d 982, 983 [2008]; *Clark v Torian*, 214 AD2d 938, 938 [1995]). Defendant's second counterclaim, sounding in unjust enrichment, required defendant to show that plaintiff was enriched at defendant's expense and that "it would be inequitable to permit [plaintiff] to retain that which is claimed by [defendant]" (*Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC*, 31 AD3d 983, 988 [2006]). "The essence of such a cause of action is that one party is in possession of money or property that rightly belongs to another" (*id.*) and "[g]enerally, courts will look to see if a benefit has been conferred on the defendant under mistake of fact or law" (*Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421 [1972], *cert denied* 414 US 829 [1973]). Again, defendant's candid admissions that he voluntarily provided services to decedent out of friendship without expectation of any compensation would defeat the claim that plaintiff possesses property rightfully belonging to defendant. Accordingly, plaintiff is entitled to summary judgment on both counterclaims.

Mercure, J.P., Lahtinen, and Kavanagh, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion for summary judgment dismissing defendant's counterclaims; motion granted to that extent, summary judgment awarded to plaintiff, and said counterclaims dismissed; and, as so modified, affirmed.