■ GERARD KAMP, as Trustee for the FRANK X. KAMP TRUST, Appellant, v FRANK G. FIUMERA, Individually and Doing Business as FGF STABLES and Another, Respondent. [893 NYS2d 662]—

Stein, J.

Plaintiff, individually, entered into a stock purchase agreement with defendant, whereby defendant agreed to sell his 50 shares of stock in American-Sino Processing, Inc. (hereinafter ASPI) to plaintiff for $175,000 (hereinafter the ASPI agreement). To satisfy the purchase price, plaintiff executed a promissory note (hereinafter the first promissory note) to pay defendant such amount over time with interest. Subsequently, defendant executed a promissory note (hereinafter the second promissory note) to pay the Frank X. Kamp Trust, of which plaintiff is the trustee, the sum of $50,000, also to be paid over time with interest. According to plaintiff, the second promissory note was executed by defendant in connection with a loan made to defendant to enable him to take advantage of a business op-

portunity. Both parties subsequently defaulted in making the payments on their respective notes. Plaintiff, as trustee for the trust, commenced this action seeking recovery of the outstanding balance due under the second promissory note and subsequently moved for summary judgment. Supreme Court denied that motion, prompting this appeal.[1]

We affirm. Inasmuch as plaintiff met his initial burden of establishing a prima facie case by demonstrating that defendant executed the second promissory note and defaulted thereon (see CPLR 3212 [b]; *Mastro v Carroll*, 296 AD2d 802, 802 [2002]), the burden shifted to defendant to demonstrate the existence of a triable issue of fact (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068 [1979]). To that end, defendant submitted evidence that the second promissory note was not intended to be an obligation enforceable against him, but instead was given by plaintiff as collateral against plaintiff's debt under the first promissory note. According to defendant, plaintiff provided security in the form of a $50,000 check from the trust, but requested that defendant sign the second promissory note which would appear as a loan from the trust because plaintiff did not want the payment to appear as security for his personal debt.

In addition to his own affidavit, defendant submitted the affidavits of Steven Cantella and Xibai Gao, the general manager and in-house counsel, respectively, for another corporation formerly owned by plaintiff and defendant, jointly.[2] Both Cantella and Gao attested that defendant refused to proceed with the ASPI agreement unless plaintiff provided him with some collateral to cover the amount owed under the first promissory note. In addition, defendant submitted copies of e-mail exchanges between himself and plaintiff in which he demanded that plaintiff provide him with collateral for the ASPI agreement. Supreme Court correctly found that this evidence was sufficient to raise a triable issue of fact as to whether the parties ever intended the second promissory note to be an obligation enforceable against defendant.

Although "the parol evidence rule [generally] precludes [a

1. Defendant also commenced an action seeking recovery of the outstanding balance due under the first promissory note by moving for summary judgment in lieu of complaint pursuant to CPLR 3213, which motion was denied by Supreme Court. Defendant withdrew his cross appeal from that part of the order denying his motion.

2. In a separate transaction, defendant purchased plaintiff's shares of stock in that corporation and paid him in full.

party] from offering any evidence that contradicts [or modifies] the apparently complete written contract" (*W. L. Christopher, Inc. v Seamen's Bank For Sav.*, 144 AD2d 809, 810 [1988]; *see Marine Midland Bank-S. v Thurlow*, 53 NY2d 381, 387 [1981]; *Polygram Holding, Inc. v Cafaro*, 42 AD3d 339, 340 [2007]), parol evidence may be offered to demonstrate "that what purports to be a binding contract is, in fact, no contract at all" (*Jurkiewicz v Zechewytz*, 15 AD3d 721, 721 [2005]; *see DeVito v Benjamin*, 243 AD2d 600, 601 [1997]). Here, contrary to plaintiff's argument otherwise, "[t]he evidence submitted by [defendant] . . . was intended not merely to contradict the express terms of the note, but was properly offered to demonstrate that the note was never intended to be an obligation enforceable against [him]" (*DeVito v Benjamin*, 243 AD2d at 602; *see Lombard & Co. v De La Roche*, 235 AD2d 333, 334 [1997]; *Adirondack Bank v Simmons*, 210 AD2d 651, 654 [1994]; *Paolangeli v Cowles*, 208 AD2d 1174, 1175 [1994]).

Plaintiff argues, for the first time on appeal, that even if the evidence was sufficient to raise an issue of fact as to the existence of an oral security agreement, it was still insufficient to defeat his motion for summary judgment because the alleged agreement was not valid under UCC article 9. Specifically, he contends that, in order for an oral security agreement to be valid, the secured party must have possession of the collateral. He further argues that the collateral here was the actual $50,000 check and, inasmuch as defendant admittedly negotiated the check, defendant did not retain possession of the collateral. On the other hand, defendant argues that the parties intended the collateral to be the $50,000 represented by the check and alleges that he has retained possession thereof. Inasmuch as plaintiff failed to make this argument before Supreme Court, it was not preserved for our review. Furthermore, the issue of whether the intended collateral was the check (as urged by plaintiff) or the funds represented by the check (as defendant contends) is itself a question of fact requiring a trial— not an issue of law that we could address even if raised for the first time on appeal (*see Lischinskaya v Carnival Corp.*, 56 AD3d 116, 120-121 [2008], *lv denied* 12 NY3d 716 [2009]; *Bender v Peerless Ins. Co.*, 36 AD3d 1120, 1121 [2007]; *Matter of Town of Minerva v Essex County Indus. Dev. Agency*, 173 AD2d 1054, 1055 [1991], *lv denied* 78 NY2d 857 [1991]).

Peters, J.P., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs. **[Prior Case History: 2008 NY Slip Op 32495(U).]**