■ Michael Samet, as Executor of Andrew Samet, Deceased, Appellant, v Isaac I. Binson, Respondent. [914 NYS2d 901]—

In an action, inter alia, to recover on a promissory note, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated January 20, 2010, as denied his motion for summary judgment on the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, as executor of the estate of the decedent, Andrew Samet, seeks to recover on a note executed by the defendant and in favor of the decedent, wherein the defendant agreed to pay the decedent the sum of $539,952 in three installment payments. The plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating the existence of a note executed by the defendant containing an unconditional obligation to pay, and the defendant's failure to pay in accordance with the note's terms (see Verela v Citrus Lake Dev., Inc., 53 AD3d 574, 575 [2008]; Levien v Allen, 52 AD3d 578 [2008]; Anand v Wilson, 32 AD3d 808 [2006]; Davis v Lanteri, 307 AD2d 947 [2003]). However, in opposition to this showing, the defendant raised a triable issue of fact with respect to the bona fide defense of lack of consideration for the note (see Mastro v Carroll, 296 AD2d 802 [2002]; Manufacturers Hanover Trust Co. v L.N. Props., 174 AD2d 383 [1991]; see also

*Quest Commercial, LLC v Rovner*, 35 AD3d 576 [2006]; *Famolaro v Crest Offset, Inc.*, 24 AD3d 604 [2005]). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint.

In light of our conclusion, it is unnecessary to reach the plaintiff's remaining contentions. Mastro, J.P., Florio, Leventhal and Sgroi, JJ., concur.