Mann v Green (2018 NY Slip Op 01886)





Mann v Green


2018 NY Slip Op 01886


Decided on March 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2018

Friedman, J.P., Richter, Mazzarelli, Kapnick, Gesmer, JJ.


654253/16 6047 6046

[*1]Karl Mann, Plaintiff-Appellant,
v
Nancye Green, Defendant-Respondent.


Maurice A. Reichman, New York, for appellant.
Sullivan & Worcester LLP, New York (Gerry Silver of counsel), for respondent.



Orders, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about May 5, 2017 and May 8, 2017, which, to the extent appealed from, denied plaintiff's motions for summary judgment in lieu of complaint and to dismiss defendant's counterclaims for money had and received and unjust enrichment, unanimously affirmed, without costs.
Plaintiff made a prima facie showing of his entitlement to summary judgment on a promissory note by submitting the executed note and his uncontested affidavit stating that he demanded payment after defendant had defaulted on the note and that defendant failed to pay (see Quadrant Mgt. Inc. v Hecker, 102 AD3d 410 [1st Dept 2013]). In opposition, defendant raised a triable issue as to whether the note was supported by consideration (see Manufacturers Hanover Trust Co. v L.N. Props., 174 AD2d 383, 383 [1st Dept 1991]).
Plaintiff argues that his release of an antecedent $1.2 million obligation on defendant's part constitutes consideration for the note. However, this past consideration is not expressed in the note, and therefore does not fall within the exception to the general rule that "past consideration is no consideration" (Korff v Corbett, 155 AD3d 405, 408 [1st Dept 2017] [internal quotation marks omitted]; General Obligations Law § 5-1105). As recited in the release, which was contained in a buyout agreement, plaintiff executed the release in exchange for $2.2 million. The $250,000 note, a wholly separate agreement, is not mentioned in the buyout agreement, and provides no details about consideration, stating merely that the promise is "for value received."
Plaintiff failed to demonstrate conclusively that defendant waived her counterclaims for money had and received and unjust enrichment by making payments under the note. In support of the counterclaims, defendant alleges that she made the payments in
the mistaken belief that the note was enforceable (see generally King v Fox, 7 NY3d 181, 190 [2006]; Baldwin v Burrows, 47 NY 199, 212 [1872]). Nor does plaintiff's documentary evidence conclusively demonstrate that the note is enforceable.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 20, 2018
CLERK