Corning Fed. Credit Union v American Made Tires, Inc. (2018 NY Slip Op 08981)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Corning Fed. Credit Union v American Made Tires, Inc.

2018 NY Slip Op 08981

Decided on December 27, 2018

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 27, 2018

526272

[*1]CORNING FEDERAL CREDIT UNION, Respondent,
vAMERICAN MADE TIRES, INC., et al., Defendants, and STEVEN GEORGILIS, Appellant.

Calendar Date: November 14, 2018
Before: Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Steven Georgilis, Astoria, appellant pro se.
Davidson Fink LLP, Rochester (David L. Rasmussen of counsel), for respondent.

MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the Supreme Court (O'Shea, J.), entered April 5, 2017 in Chemung County, which granted plaintiff's motion for summary judgment.
In July 2010, defendant Steven Georgilis (hereinafter defendant), in his capacity as president of defendant American Made Tires, Inc. (hereinafter AMT), executed a mortgage term promissory note in the amount of $150,000 in favor of plaintiff. This mortgage term promissory note was secured by the home of defendant and his wife. Defendant, in his personal capacity, and his wife, also personally, guaranteed the loan. At the same time, defendant, as president of AMT, executed a commercial term loan note in the amount of $350,000 in favor of plaintiff. This commercial term loan note was secured by various collateral, which included the home of defendant and his wife and AMT's fixtures, furniture and equipment. This loan was also guaranteed by the United States Small Business Administration. AMT thereafter began experiencing financial difficulty and, in 2011, failed to make payments due under the notes. In December 2011, AMT filed for bankruptcy. In the course of the bankruptcy proceeding, two orders were issued permitting AMT to use cash collateral and directing it to make adequate protection payments to plaintiff. After AMT failed to make these payments, Bankruptcy Court issued an order modifying the automatic stay and permitted plaintiff to pursue it rights with respect to the collateral.
In May 2013, plaintiff commenced this action against defendant and AMT, among others. Plaintiff sought, among other things, a judgment against defendant and AMT based upon their breach of the notes. In June 2013, an order of seizure was entered stating that plaintiff had a first priority security interest "in all equipment, inventory, and other assets of [AMT]," as well as in various machinery and equipment located in a manufacturing facility in the Village of Elmira [*2]Heights, Chemung County. The order of seizure also required AMT to make monthly payments to plaintiff starting in June 2013, and, if AMT failed to do so, plaintiff could seize the collateral delineated therein upon 10 days' notice to AMT and without a further court order. On or about December 2013, AMT again filed for bankruptcy. After this bankruptcy action was dismissed, defendant, in 2014, commenced two separate actions in Queens County against plaintiff, among others. In conjunction with those actions, plaintiff twice moved to, among other things, enjoin plaintiff from seizing the collateral at the Elmira Heights manufacturing facility. These motions were denied. In 2016, plaintiff moved for summary judgment in this action. In an April 2017 judgment, Supreme Court concluded that defendant's affirmative defenses were previously litigated and found to be without merit. Relying on collateral estoppel, Supreme Court granted plaintiff's motion and awarded judgment against defendant and AMT jointly and severally in the amount of $444,421.85. Defendant now appeals.
We conclude that plaintiff satisfied its moving burden by submitting, among other things, the notes, the guarantees and evidence of defendant's default in making timely payments due under the notes (see Waehner v Northwest Bay Partners, Ltd., 30 AD3d 799, 800-801 [2006]; Mastro v Carroll, 296 AD2d 802, 802 [2002]). With the burden having been shifted, it was incumbent upon defendant to demonstrate a triable issue of fact as to a bona fide defense (see Friends Lbr. v Cornell Dev. Corp., 243 AD2d 886, 887 [1997]). Even if we agreed with defendant that collateral estoppel did not apply as Supreme Court reasoned, we find that defendant failed to raise an issue of fact. Defendant contends that he made payments to plaintiff in accordance with the order of seizure and, therefore, plaintiff improperly seized the assets. Defendant, however, only submitted proof of one payment and, other than a self-serving statement, defendant failed to tender admissible proof that he made any other timely payments as required by the order of seizure (see Maikels v Albany Broadcasting Co., 248 AD2d 915, 916 [1998]). Finally, defendant's claim that he was entitled to an offset against the judgment or, at the very least, a hearing to determine the amount of an offset, is improperly raised for the first time on appeal (see Landau v Hallstead, 159 AD3d 1095, 1097 [2018]). Defendant's remaining contentions have been considered and lack merit.
Devine, J.P., Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.