Garcia v Emerick Gross Real Estate, L.P. (2021 NY Slip Op 04540)





Garcia v Emerick Gross Real Estate, L.P.


2021 NY Slip Op 04540


Decided on July 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2019-00108
 (Index No. 608332/16)

[*1]David Garcia, appellant-respondent,
v
Emerick Gross Real Estate, L.P., defendant third-party plaintiff-respondent-appellant; Temperature Systems, Inc., third-party defendant-respondent-appellant.


Derek Smith Law Group, PLLC, New York, NY (Payne Tatich of counsel), for appellant-respondent.
Hannum, Feretic, Prendergast & Merlino, LLC, New York, NY (Jessica M. Erickson of counsel), for defendant third-party plaintiff-respondent-appellant.
Fullerton Beck, LLP, White Plains, NY (Edward J. Guardaro, Jr., of counsel), for third-party defendant-respondent-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant third-party plaintiff and the third-party defendant cross-appeal, from an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated November 27, 2018. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability against the defendant third-party plaintiff. The order, insofar as cross-appealed from by the defendant third-party plaintiff, denied its motion for summary judgment dismissing the complaint and for summary judgment on its contractual indemnification cause of action in the third-party complaint, and granted the plaintiff's cross motion for sanctions against it for spoliation of evidence to the extent of determining that the plaintiff is entitled to a negative inference against it at trial. The order, insofar as cross-appealed from by the third-party defendant, denied that branch of its cross motion which was for summary judgment dismissing the defendant third-party plaintiff's contractual indemnification cause of action.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The defendant third-party plaintiff, Emerick Gross Real Estate, L.P. (hereinafter Emerick), hired the third-party defendant, Temperature Systems, Inc. (hereinafter TSI), to make certain improvements to a boiler in one of Emerick's multifamily dwellings in Brooklyn. The plaintiff, an employee of TSI, allegedly was injured when a ladder he was using to perform his work in the boiler room suddenly shifted and caused him to fall. The ladder allegedly had been supplied to the plaintiff by an employee of Emerick. The plaintiff commenced this action against Emerick alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. Emerick thereafter commenced a third-party action against TSI asserting, among other things, a cause of [*2]action for contractual indemnification.
The plaintiff moved for summary judgment on the issue of liability against Emerick. Three days later, Emerick moved for summary judgment dismissing the complaint and on its contractual indemnification cause of action in the third-party complaint. TSI opposed Emerick's motion and cross-moved for summary judgment dismissing the third-party complaint. The plaintiff subsequently cross-moved for the imposition of discovery sanctions against Emerick for its disposal of the ladder involved in his accident. In an order dated November 27, 2018, the Supreme Court, among other things, denied the plaintiff's motion for summary judgment, denied Emerick's motion for summary judgment dismissing the complaint and on its contractual indemnification cause of action in the third-party complaint, denied that branch of TSI's cross motion which was for summary judgment dismissing Emerick's contractual indemnification cause of action, and granted the plaintiff's cross motion for the imposition of discovery sanctions to the extent of determining that the plaintiff is entitled to a negative inference against Emerick at trial for its disposal of the ladder. The plaintiff appeals, and Emerick and TSI cross-appeal.
"Labor Law § 240(1) imposes upon owners, contractors, and their agents a nondelegable duty to provide workers proper protection from elevation-related hazards" (Zoto v 259 W. 10th, LLC, 189 AD3d 1523, 1524; see Labor Law § 240[1]). To establish liability pursuant to Labor Law § 240(1), a plaintiff must demonstrate a violation of the statute and that such violation was a proximate cause of his or her injuries (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287-289). "Although comparative fault is not a defense to the strict liability of the statute, where the plaintiff is the sole proximate cause of his or her own injuries, there can be no liability under Labor Law § 240(1)" (Lojano v Soiefer Bros. Realty Corp., 187 AD3d 1160, 1162; see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39).
Here, the plaintiff established, prima facie, that the ladder he was using to perform his work at the express or implied direction of both Emerick and TSI unexpectedly failed, and that the lack of an appropriate safety device was a proximate cause of his injuries. In opposition, however, Emerick raised a triable issue of fact as to whether the plaintiff was a recalcitrant worker. Emerick submitted the deposition testimony of TSI's owner, who explained that functional TSI ladders were available for the plaintiff to use on the day of his accident, that TSI forbids employees from using non-TSI ladders, and that the plaintiff did not otherwise have express or implied permission to use Emerick's allegedly defective ladder. The Supreme Court therefore properly denied that branch of the plaintiff's motion which was for summary judgment on his Labor Law § 240(1) cause of action (see Yax v Development Team, Inc., 67 AD3d 1003, 1003-1004).
For similar reasons, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on his Labor Law § 241(6) cause of action, and those branches of Emerick's separate motion which were for summary judgment dismissing the plaintiff's Labor Law §§ 240(1) and 241(6) causes of action. The record as compiled by Emerick, both in support of its own motion and in opposition to the plaintiff's motion, presents triable issues of fact as to whether the plaintiff was a recalcitrant worker and therefore the sole proximate cause of his injuries.
"Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (Ortega v Puccia, 57 AD3d 54, 60). "'Where a premises condition is at issue, property owners may be held liable for a violation of Labor Law § 200 if the owner either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition that caused the accident'" (Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d 1666, 1668, quoting Ortega v Puccia, 57 AD3d at 61). Here, contrary to Emerick's contention, the plaintiff demonstrated, prima facie, that it had actual or constructive notice of uneven flooring in the boiler room, and that the allegedly dangerous condition was a proximate cause of his injuries. Nevertheless, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on his Labor Law § 200 and common-law negligence causes of action, and those branches of Emerick's separate motion which were for summary judgment dismissing those causes of action, as the record presented triable issues [*3]of fact as to whether the plaintiff was a recalcitrant worker and therefore the sole proximate cause of his injuries.
The Supreme Court also properly denied that branch of Emerick's motion which was for summary judgment on its contractual indemnification cause of action and that branch of TSI's cross motion which was for summary judgment dismissing that cause of action. "'[I]t is elementary that the right to contractual indemnification depends upon the specific language of the contract'" (Kader v City of N.Y., Hous. Preserv. & Dev., 16 AD3d 461, 463, quoting Gillmore v Duke/Flour Daniel, 221 AD2d 938, 939). In addition, and contrary to Emerick's contention, a party to an alleged contract is "entitled to use parol evidence 'to show that what appears to be a contractual obligation is, in fact, no obligation at all'" (Del Carmen Libasci v Singares, 128 AD3d 1239, 1241, quoting Paolangeli v Cowles, 208 AD2d 1174, 1175; see DeVito v Benjamin, 243 AD2d 600, 601-602; Lombard & Co. v De La Roche, 235 AD2d 333, 334). Here, neither Emerick nor TSI carried its prima facie burden, as they both failed to eliminate all triable issues of fact as to whether the document containing the indemnification provision is an enforceable contract.
"'Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126'" (Sanders v 210 N. 12th St., LLC, 171 AD3d 966, 968, quoting Holland v W.M. Realty Mgt., Inc., 64 AD3d 627, 629). "'A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense'" (Sanders v 210 N. 12th St., LLC, 171 AD3d at 968, quoting Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547). Here, the plaintiff established that Emerick "was clearly on notice of possible litigation" (SM v Plainedge Union Free Sch. Dist., 162 AD3d 814, 818) arising from his accident, "and, thus, under an obligation to preserve any evidence that might be needed for future litigation" (id. at 818). The plaintiff further established that Emerick failed to meet this obligation insofar as it failed to prevent the allegedly defective ladder involved in his accident from being placed on a debris pile that was regularly cleared. The Supreme Court therefore providently exercised its discretion in determining that the plaintiff was entitled to a negative inference charge against Emerick at trial with respect to the unavailable ladder (see id. at 817).
We do not address the plaintiff's remaining contention, as it involves matter dehors the record (see Feteha v Scheinman, 169 AD3d 871, 873).
RIVERA, J.P., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court