■ ELIZABETH C. PAYNE, Appellant, v. PHYLLIS M. CONNELLY et al., Respondents.— *Per Curiam*. Appeal from judgments of the Supreme Court, Chemung County, entered upon a decision at a Trial Term, without a jury, dismissing the complaint on the merits. Appellant seeks a judgment declaring that respondents hold certain property in trust for her. In her first cause of action appellant alleges that she was persuaded by her late brother, F. Henry Connelly, to discourage their aunt from revising her will leaving all of her stock holdings in the National Dairy Products Corporation to him and drawing a new will leaving it to appellant in return for his promise to deliver to her one half of such stock after the aunt's death. This alleged promise was not kept and when F. Henry Connelly died intestate all of the interest in the stock involved passed to the respondents, his wife and children. The trial court held there was insufficient proof to establish appellant's assertion of a constructive trust and we agree. The trial court correctly ruled that appellant could not testify as to purported conversations with her deceased aunt and brother (CPLR 4519). Nor was the trial court required to accept as sufficient the testimony of appellant's husband. The only additional evidence was the testimony of Florence C. Carman, a sister of appellant and F. Henry Connelly, and her husband that at a family gathering on Labor Day, 1962, F. Henry Connelly had stated that appellant was to get one half of the National Dairy stock. Despite the fact that the Carmans and F. Henry Connelly were at the time discussing the aunt's will, this testimony by the Carmans clearly does not support appellant's assertion that the aunt was induced to dispose of her stock by a promise made by F. Henry to in return transfer part of it in a certain way. At most this testimony indicated an intent to make a gift *in futuro* to appellant. The second cause of action asserts that Phyllis Connelly, F. Henry Connelly's widow, alternately declared herself as holding in trust for appellant or contracted to convey to appellant, the one third of the National Dairy Products shares plus the one third of the assets of the Valley Coal & Supply Company she had received as the widow of F. Henry Connelly. While an owner of property can create a valid oral trust by the manifestation of an intent

to hold property for the benefit of another (see 1 Scott, Trusts, §§ 17.1, 23), no trust is created if an owner of property merely manifests an intent to make an outright gift or undertakes at some future time to dispose of property for the benefit of another (1 Scott, Trusts, § 24). To justify a finding of an oral trust, there must be such evidence that the intent to create the trust "arises as a necessary inference therefrom and is unequivocal" (*Hoffman* v. *Union Dime Sav. Inst.,* 109 App. Div. 24, 27). There must be an express declaration of trust or circumstances which show unquestionably that a trust was intended (*Sayer* v. *Wynkoop,* 248 N. Y. 54; *Beaver* v. *Beaver,* 117 N. Y. 421, 428). The instant record in our view, does not establish such requisite intent. Additionally there is no evidence that the appellant or Phyllis Connelly intended to enter a binding contractual commitment regarding the stock and assets, and such an intent is clearly necessary for the formation of a contract (9 N. Y. Jur., Contracts, § 16). Moreover, even assuming *arguendo* that the evidence in the record supported this contention, the trial court correctly held that the appellant gave no bargained for consideration which would make Phyllis Connelly's promise enforceable. Consideration is what is given or suffered in exchange for a promise; it is something offered by one party and accepted by the other as an element of the contract (9 N. Y. Jur., Contracts, § 72). The fact that the appellant assertedly agreed to pay the estate tax on the National Dairy Products stock would not constitute consideration because there is no proof that such promise was bargained for as consideration for the establishment of the alleged contract. Similarly the theory that the appellant gave up a legal claim to the shares in F. Henry Connelly's estate as consideration is not only unsupported by the record but there is not a hint in the record that such a release was bargained for. Judgments affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Cooke and Greenblott, JJ., concur in memorandum *Per Curiam.*