■ LEONARD MANCUSO, Respondent, v CHRISTINA RUSSO, Appellant.—In an action, *inter alia,* to recover an interest in real property and for rescission of the deed transferring the real property, the defendant appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Sacks, J.), dated October 28, 1986, which directed her to execute and deliver to the plaintiff a deed to the subject real property.

Ordered that the judgment is modified, on the law, by adding a provision to the third decretal paragraph thereof that the transfer of the deed shall be conditioned upon the defendant's discharge and release from all liability under the bond and mortgage; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff contributed virtually all of the funds toward

the purchase of the real property in question, and the record supports the trial court's conclusion that the property was given to the defendant as a gift conditioned upon the marriage of the parties *(see,* Civil Rights Law § 80-b). Since the marriage never took place, the conveyance of the property to the plaintiff would satisfy the "clear purpose of section 80-b [and] * * * return the parties to the position they were in prior to their becoming engaged, without rewarding or punishing either party for the fact that the marriage failed to materialize" *(Gaden v Gaden,* 29 NY2d 80, 88).

As the plaintiff concedes, the trial court should have conditioned the conveyance of the property upon the release and discharge of the defendant from liability under the bond and mortgage. The judgment appealed from has been modified accordingly. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.