■ DONNA M. D. CLAPPER, Appellant-Respondent, v DAVID H. KOHLS, SR., Respondent-Appellant, et al., Defendants.—Yesawich, Jr., J. Cross appeals from that part of an order of the County Court of Saratoga County (Simone, Jr., J.), entered March 22, 1990, which denied motions for summary judgment by plaintiff and defendant David H. Kohls, Sr.

Plaintiff, Donna M. D. Clapper, initiated this action against defendant David H. Kohls, Sr. (hereinafter defendant), her former fiancé, to partition certain real property located in

Saratoga County. The essential facts are not in dispute. Defendant purchased the real property in September 1985 and built a residence thereon. After construction was completed, the parties cohabited in the home for a number of years. In 1986, they secured a mortgage and defendant transferred title to the property to himself and plaintiff "in consideration of One Dollar ($1.00) * * * and love and affection". In 1989, plaintiff left defendant, married another and commenced this action; defendant counterclaimed for, *inter alia,* rescission of the deed. Both parties sought summary judgment. Their motions were denied and both have appealed.

Plaintiff acknowledges in her brief that "the contemplation of marriage served as the basis for the conveyance of title into the joint names of the parties". Because the sole consideration for the transfer of the title to the real property was a contemplated marriage which never occurred, rescission of the deed is justified *(see,* Civil Rights Law § 80-b; *Gaden v Gaden,* 29 NY2d 80, 85). The fact that plaintiff obligated herself on the mortgage does not defeat defendant's right to the gift's return *(Gaden v Gaden, supra,* at 86), which should be conditioned upon plaintiff's discharge and release from liability on the mortgage *(see, Mancuso v Russo,* 132 AD2d 533, 534).

Plaintiff, however, is entitled to a lien on the real property equal to the amount of any contribution she made toward the mortgage payments or property improvements *(see, Gaden v Gaden, supra,* at 86). Inasmuch as what she assertedly expended for the maintenance, upkeep and improvement of the property is in dispute, an immediate trial should be had (CPLR 3212 [c]) to determine the proper amount of her lien.

Order modified, on the law, without costs, by reversing so much thereof as denied the cross motion of defendant David H. Kohls, Sr.; cross motion granted, summary judgment awarded to said defendant and deed rescinded on condition of plaintiff's discharge and release from liability on the mortgage obligation, and matter remitted to County Court of Saratoga County for an immediate trial in accordance with this court's decision; and, as so modified, affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.