■ DONALD KENNEDY et al., Appellants-Respondents, v MICHAEL LEIBOWITZ, Also Known as MIKE LEE, Respondent-Appellant. [757 NYS2d 50] —In an action, inter alia, for an judgment declaring that the plaintiffs have the right to purchase certain real property, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Dabiri, J.), entered November 1, 2001, as granted those branches of the defendant's motion which were to dismiss the second, third, and fourth causes of action in the amended complaint, and the defendant cross-appeals from so much of the same order as denied that branch of his motion which was to dismiss the first cause of action in the amended complaint.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly determined that the first cause

of action in the amended complaint sounding in quantum meruit should not be dismissed because the plaintiffs sufficiently pleaded that cause of action (*see Geraldi v Melamid,* 212 AD2d 575 [1995]). Moreover, contrary to the defendant's contention, that cause of action is not barred by the statute of frauds, as it merely seeks to recover for the value of the work performed by the plaintiff Donald Kennedy in reliance on statements made by the defendant, and is not an attempt to enforce an oral agreement to enter into a contract for the purchase of real property (*see Farash v Sykes Datatronics,* 59 NY2d 500 [1983]).

The Supreme Court properly dismissed the second through fourth causes of action in the amended complaint. The second cause of action, seeking a judgment declaring, inter alia, that the plaintiffs have the right to purchase certain real property, is barred by the statute of frauds. The plaintiffs did not set forth any evidence to establish part performance on their part so as to remove the alleged oral agreement to purchase the real property from the statute of frauds (*see* General Obligations Law § 5-703).

The third cause of action based on equitable estoppel was also properly dismissed, since the plaintiffs failed to allege that the defendant's conduct amounted to a false representation or concealment of material fact (*see Holm v C.M.P. Sheet Metal,* 89 AD2d 229 [1982]; *269 Assoc. v Yerkes,* 113 Misc 2d 450 [1982]). Finally, the fourth cause of action based on promissory estoppel was also properly dismissed because the complaint is devoid of a clear promise made by the defendant to the plaintiffs that he would sell the real property to them, and the plaintiffs did not allege the manner in which they detrimentally relied on any alleged promise made by the defendant (*see Ripple's of Clearview v Le Havre Assoc.,* 88 AD2d 120 [1982]). Santucci, J.P., Smith, H. Miller and Adams, JJ., concur.