■ DAVID VON BING, Appellant, v DIANE B. MANGIONE, Respondent. [766 NYS2d 131] —Mercure, J.P. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered July 10, 2002 in Saratoga County, upon a decision of the court in favor of defendant.

In March 1999, plaintiff entered into a contract to purchase a house located on Dutchess Path in the Town of Clifton Park, Saratoga County. Although defendant, who admittedly had considered marriage to plaintiff, was not listed as a buyer in the contract of sale, she requested that her name be placed on the deed and mortgage, along with plaintiff's name. Both parties ultimately were named as grantees in the deed as joint tenants with rights of survivorship and each became indebted on the mortgage note.

In April 1999, the parties entered into a contract entitled "Agreement on Financial Responsibilities and Obligations" relating to the house in Clifton Park and the support of defendant and her daughter. In accordance with defendant's wishes, the agreement states that plaintiff and defendant "WILL BOTH BE

LISTED EQUALLY[ ]AS CO-OWNERS ON ANY AND ALL MORTGAGES * * * [and] WILL BOTH BE LISTED ON THE TITLE AND/OR DEED EQUALLY" for the property. The agreement further states that plaintiff: "AGREED TO ASSUME ALL FINANCIAL LIABILITY FOR MAINT[E]NANCE AND UPKEEP OF THE [Dutchess Path] PRO[P]ERTY TO INCLUDE MORTGAGE, INSURANCES, TAXES AND ALL UTILITY BILLS AND SUPPORT OF [defendant and her daughter], INCLUDING ALL PRIOR BILLS IN [defendant's] NAME THROUGH A MAXIMUM PERIOD OF APRIL 1, 2000. THIS ASSUMED RESPONSIBILITY WILL COMMENCE ON OR ABOUT MAY 14, [ ]1999 AT WHICH TIME 8 DUTCHESS PATH BECOMES THE POSSESSION OF [the parties]. THIS ASSUMED RESPONSIBILITY WILL CONTINUE, UNTIL FULL TIME EMPLOYMENT BY APRIL 1, 2000, OR IF SHE GAINS FULL [ ]TIME EMPLOYMENT BETWEEN JANUARY 1, 2000 AND APRIL 1, 2000 SHE WILL ASSUME RESPONSIBILITY AT FIRST PAYCHECK. AT THAT TIME [the parties] WILL SPLIT ALL COSTS RELATING TO THE MORTGAGE, INSURANCES, TAXES AND ALL UTILITY BILLS RELATED TO THE UPKEEP AND MAINT[E]NANCE OF THE [Dutchess Path] PROPERTY, AT A RATIO IN ACCORDANCE WITH THEIR SALARIES." The agreement further provides that the parties may exercise several options with respect to ownership of the property in the event that defendant "FINDS THAT THE ARRANGEMENT OF RESIDING TOGETHER AT [THE] DUTCHESS PATH [property] * * * CAN NO LONGER BE SUSTAINED." Although the agreement does not mention that the parties would be married, plaintiff maintains that he entered into the agreement and placed defendant's name on the deed to the house with the understanding that he and defendant were going to marry and reside in the home together. Plaintiff also claims that he paid approximately $43,000 for the down payment and closing costs related to the purchase of the Dutchess Path residence.

After the closing on the house, defendant changed the locks on the residence and did not give plaintiff a key. In late May 1999, defendant told plaintiff that she no longer wished to reside with him or marry him. Plaintiff thereafter commenced this action, alleging that he had purchased the Dutchess Path residence and furnishings for the house, leased a Nissan Pathfinder for defendant and gave defendant $15,000 in living expenses in contemplation of marriage. Plaintiff seeks title to the residence, return of the automobile, an accounting between the parties and money judgments representing his expenditures in contemplation of marriage or, alternatively, partition of the Dutchess Path property. Defendant counterclaimed, asserting breach of the parties' agreement and seeking $35,000 in damages. Following a bench trial, Supreme Court ruled in favor of defendant and entered a judgment for $67,739 in her favor. Plaintiff appeals.

We agree with plaintiff that the agreement is unenforceable because defendant gave no consideration to plaintiff in exchange for his promises to her. Fundamentally, consideration "consists of either a benefit to the promisor or a detriment to the promisee" (*Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, 464 [1982]), which has been bargained for by the parties to the contract (*see Payne v Connelly,* 32 AD2d 693 [1969]; Restatement [Second] of Contracts § 71). "Absent fraud or unconscionability, the adequacy of consideration is not a proper subject for judicial scrutiny" (*Apfel v Prudential-Bache Sec.,* 81 NY2d 470, 476 [1993] [citation omitted]; *see Janian v Barnes,* 294 AD2d 787, 789 [2002]). Nevertheless, an agreement cannot be said to be supported by any consideration unless "something of 'real value in the eye of the law' was exchanged" (*Apfel v Prudential-Bache Sec., supra* at 476 [citation omitted]).

Defendant asserts that she provided consideration because the agreement permitted plaintiff the opportunity to recoup part of his investment or to make a profit if the value of the house increased and she chose to sell it, as well as a place to stay rent free occasionally while defendant resided in the house. We conclude, however, that these benefits were merely incidents of plaintiff's ownership of the property as a joint tenant. Like tenants in common, joint tenants possess an undivided interest in the subject property (*see Payne v Payne,* 28 NY2d 399, 403-404 [1971]; 6 Warren's Weed, New York Real Property, Joint Tenants § 1.04 [2] [2003]), affording each cotenant full possession and "the right * * * to use and enjoy the entire property as would a sole owner" (*Butler v Rafferty,* 100 NY2d 265, 269 [2003]). In addition, each joint tenant has the right to freely dispose of his or her proportionate interest in the property (*see Matter of McKelway,* 221 NY 15, 19 [1917]; 6 Warren's Weed, New York Real Property, Joint Tenants § 1.04 [1] [2003]). Thus, defendant did not have the unilateral right either to exclude plaintiff's use and possession of the residence or to place limits on his ability to dispose of his interest therein (*see Payne v Payne, supra* at 403). Inasmuch as defendant was under a legal duty to provide plaintiff with these "benefits," it cannot be said that she gave those rights to plaintiff in exchange for the agreement or that they constitute consideration (*see* Restatement [Second] of Contracts § 73).

We further reject defendant's argument that consideration may be found in her detrimental reliance upon the terms of the agreement, i.e., vacating her apartment, selling her furniture and moving to the Dutchess Path residence. Defendant has not demonstrated that she suffered any injury, detriment or irre-

versible change of position as a result of these actions (*see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group,* 93 NY2d 229, 236-237 [1999]; *cf. Hallock v State of New York,* 64 NY2d 224, 232 [1984]). Moreover, although defendant testified at trial that she made a contribution toward the down payment on the house by giving plaintiff money from various sources, including her unemployment benefits and retirement plan, she failed to provide any documentation of this claim, an estimate of the amount of money given or any evidence that the money was used toward the house, as opposed to the parties' other expenses. We conclude that the agreement was not supported by consideration and is therefore void (*see generally Solow v City of New York,* 20 NY2d 960, 961-962 [1967]). Thus, defendant's counterclaim should be dismissed.

Plaintiff additionally contends that all of the real property, items and cash that he gave to defendant were gifts in contemplation of marriage. Plaintiff maintains that because defendant refused to marry him, he is entitled to recover those gifts. Pursuant to Civil Rights Law § 80-b, an individual may recover property or other gifts where the sole motivation for the transfer was a contemplated marriage which never occurred (*see Gaden v Gaden,* 29 NY2d 80, 86 [1971]; *Clapper v Kohls,* 169 AD2d 860, 861 [1991]). Therefore, to the extent that plaintiff placed defendant's name on the deed to the Dutchess Path residence and gave her other gifts in contemplation of marriage, he is entitled to recover those gifts. In addition, defendant should be directed to deliver a deed of her interest in the property conditioned upon her discharge and release from liability on the mortgage (*see Gaden v Gaden, supra* at 84, 87; *Clapper v Kohls, supra* at 861). We also observe that if plaintiff is entitled to such recovery, defendant should be granted a lien on the real property equal to the amount of her contributions toward reduction of the principal of the mortgage and improvement of the property (*see Clapper v Kohls, supra* at 861). The record is unclear, however, regarding when the parties contemplated marriage and which gifts, if any, were actually made in contemplation of marriage. Indeed, plaintiff concedes that although defendant told him by the end of May 1999 that she did not want to marry him or live with him, he continued to make gifts to her. Accordingly, we remit the matter to Supreme Court for a trial to determine which gifts were made in contemplation of marriage and, if necessary, the amount of any lien on the real property to which defendant may be entitled.

The parties' remaining arguments are either meritless or rendered academic by our determination.

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, counterclaim dismissed, and matter remitted to the Supreme Court for an immediate trial in accordance with this Court's decision.