■ AMY McFARLAND, Appellant, v PETER SALERNO, JR., Respondent, et al., Defendant. [837 NYS2d 62]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered August 2, 2006, which, after a nonjury trial, granted judgment dismissing the complaint against defendant Salerno, unanimously reversed, on the law, without costs, the judgment vacated and plaintiff granted rescission of the assignment. The Clerk is directed to enter judgment accordingly.

Although the assignment at issue was in writing and duly signed by the assignor (General Obligations Law § 5-1107), where "owing to lack of knowledge of a material fact by the party seeking the relief, without negligence on his part, the minds of the parties never met with respect to the property or property interests transferred, or even the consideration therefor," rescission of an assignment may be granted (*Flynn v Smith*, 111 App Div 870, 874 [1906]; *see also Cramsey v Sterling*, 111 App Div 568 [1906], *affd* 188 NY 602 [1907]).

The trial testimony clearly established that Salerno did not understand the difference between a trust and a will, and that he was mistaken in advising plaintiff, his stepdaughter by way of a prior marriage, that upon assignment of her interest in the

subject apartment to him, the apartment would be placed in an irrevocable trust, along with other property of considerable value, for her future benefit as his heir. In actuality, the apartment was placed in his will, which integrated his estate with that of his new wife, 20 years his junior, and bequeathed everything to her. Upon the death of this surviving spouse, the integrated estate would be equally shared among the heirs of both spouses, including plaintiff. The will does refer to a trust that is not irrevocable; however, no trust document was admitted into evidence or included in the record. Thus, presumptively, none exists, and any bequest to plaintiff would be subject, at any time, to a change in Salerno's or his new wife's will (or, should the referenced trust exist, to revocation). Hence, the assignment should be rescinded, having been induced by Salerno's misrepresentation that was based upon his misunderstanding of legal terminology. Concur—Andrias, J.P., Marlow, Williams, Buckley and Malone, JJ.