■ WALTER SCHWARTZ, Respondent, v MICHELE FARKAS MILTZ, Appellant. [909 NYS2d 729]—

In an action for the partition and sale of real property, the defendant appeals from a judgment of the Supreme Court, Nassau County (Brandveen, J.), entered October 13, 2009, which, upon remittitur from this Court for consideration of the issue of equitable relief after a nonjury trial (*see Schwartz v Miltz*, 60 AD3d 928 [2009]), is in favor of the plaintiff awarding him one half of the proceeds of the sale of the subject property.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

In August 2004 the plaintiff commenced this action for the partition and sale of real property. On a prior appeal in this action from a judgment after a nonjury trial which was in favor of the defendant dismissing the complaint, this Court reversed the judgment and remitted the matter to the Supreme Court, Nassau County, to consider the issue of equitable relief (*see Schwartz v Miltz*, 60 AD3d 928 [2009]). Upon considering the issue, the Supreme Court determined that the plaintiff was entitled to equitable relief and awarded him one half of the proceeds of the sale of the subject property.

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *O'Brien v Dalessandro*, 43 AD3d 1123, 1123-1124 [2007]).

We find that the plaintiff was not entitled to relief by application of the doctrine of either equitable estoppel or promissory estoppel. " 'The elements of a cause of action based upon promissory estoppel are a clear and unambiguous promise, reasonable and foreseeable reliance by the party to whom the promise is made, and an injury sustained in reliance on that promise' " (*Agress v Clarkstown Cent. School Dist.*, 69 AD3d 769, 771 [2010], quoting *Williams v Eason*, 49 AD3d 866, 868 [2008]; *see*

*Gurreri v Associates Ins. Co.,* 248 AD2d 356, 357 [1998]). The evidence presented at trial did not warrant a finding that the plaintiff detrimentally relied on the defendant's alleged promise to convey to him a one-half interest in the subject real property. The expenditures which the plaintiff testified he made to improve and maintain the subject property may be satisfactorily explained by his desire to improve the surroundings in which he and his family lived (*see Ripple's of Clearview v Le Havre Assoc.,* 88 AD2d 120, 122-123 [1982]; *Matter of Lefton [Bedell],* 160 AD2d 702, 704 [1990]). Moreover, the plaintiff's testimony established that the various expenditures which he made for the benefit of the defendant and her children were attributable to the nature of his ongoing relationship with defendant, and not referable to her alleged promise to convey to him a one-half interest in the property (*see Richardson & Lucas, Inc. v New York Athletic Club of City of N.Y.,* 304 AD2d 462, 463 [2003]). Accordingly, the facts do not warrant a finding that the plaintiff was entitled to a remedy in equity by application of the doctrine of promissory estoppel. Furthermore, the doctrine of equitable estoppel is not applicable in this case; there was no allegation by the plaintiff that the defendant's conduct amounted to a false representation or concealment of material fact (*see Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175 [1982]; *First Union Natl. Bank v Tecklenburg,* 2 AD3d 575 [2003]; *Kennedy v Leibowitz,* 303 AD2d 375 [2003]; *Matter of Benincasa v Garrubbo,* 141 AD2d 636 [1988]).

Moreover, the plaintiff was not entitled to recover one half of the proceeds of the sale of the property under a theory that the various expenditures he made for the benefit of the defendant were gifts in contemplation of marriage. The plaintiff testified that he and the defendant were engaged in 2000 and married in 2003, and the Supreme Court credited that testimony. Thus, the plaintiff was not entitled to the benefit of Civil Rights Law § 80-b, as that statute only applies to "return the parties to the position they were in prior to their becoming engaged . . . [where] the marriage failed to materialize" (*Gaden v Gaden,* 29 NY2d 80, 88 [1971]; *see Mancuso v Russo,* 132 AD2d 533, 534 [1987]). Rivera, J.P., Skelos, Chambers and Roman, JJ., concur. **[Prior Case History: 2009 NY Slip Op 32431(U).]**