# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1325**
**CA 11-00240**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND SCONIERS, JJ.

---

NORTHERN TRUST, NA, AS ADMINISTRATOR OF THE
ESTATE OF RICHARD SARKIS, DECEASED,
PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

PATRICIA A. DELLEY, DEFENDANT-APPELLANT.

---

MICHAEL J. CROSBY, HONEOYE FALLS, FOR DEFENDANT-APPELLANT.

RICHARD G. VOGT, P.C., ROCHESTER (LINDA J. VOGT OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered September 13, 2010. The order and judgment, among other things, adjudged that plaintiff is entitled to receive all the proceeds from the sale of 3900 East Avenue in the City of Rochester.

It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum:  Defendant appeals from an order and judgment entered following a nonjury trial that, inter alia, awarded plaintiff, as administrator of the estate of Richard Sarkis (decedent), the proceeds from the sale of 3900 East Avenue in Rochester (hereafter, property). When decedent and defendant became engaged, he gave her a diamond ring and amended the contract that he had executed to purchase the property by adding defendant as an additional purchaser.  The deed to the property listed decedent and defendant as "joint tenants with right of survivorship."  Decedent subsequently ended the engagement and commenced this action pursuant to Civil Rights Law § 80-b for the return of the ring and to have defendant's name removed from the deed.

Defendant contends that Supreme Court erred in permitting plaintiff to continue the instant action because the property became solely hers when decedent died.  We reject that contention.  The court properly concluded that an action pursuant to Civil Rights Law § 80-b raises issues regarding the title and ownership interest in real property that survive the death of a party (*see generally Von Bing v Mangione*, 309 AD2d 1038, 1041; *Clapper v Kohls*, 169 AD2d 860; *Pass v Spirt*, 35 AD2d 858, *lv denied* 27 NY2d 490).  Unlike a pending partition action (*see generally Goetz v Slobey*, 76 AD3d 954) or a pending divorce action (*see generally Kahn v Kahn*, 43 NY2d 203, 207),

a section 80-b action for the return of real property is not extinguished upon the death of the party who commenced the action, even where, as here, the subject property is held as joint tenants with right of survivorship.

We reject defendant's further contention that the court erred in awarding the proceeds from the sale of the property to plaintiff. "On a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses" (*Claridge Gardens v Menotti*, 160 AD2d 544, 544-545; *see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495, *rearg denied* 81 NY2d 835; *Treat v Wegmans Food Mkts., Inc.*, 46 AD3d 1403, 1404). In order to recover property pursuant to Civil Rights Law § 80-b, a plaintiff must demonstrate that he or she gave the property as a gift in "sole consideration . . . [of] a contemplated marriage which has not occurred . . . ." The Court of Appeals has interpreted " 'consideration' " to mean "motive or reason" (*Gaden v Gaden*, 29 NY2d 80, 86). Here, the court's conclusion that the property was given solely in consideration of marriage is supported by the record and is based on a " 'fair interpretation of the evidence' " (*Treat*, 46 AD3d at 1404).

We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  December 30, 2011                Frances E. Cafarell
                                           Clerk of the Court