■ Annie Connolly, Appellant, v Gary R. Knight, Respondent. [943 NYS2d 602]—

In an action, inter alia, in effect, for the specific performance of a deed to certain real property and for a judgment declaring that the plaintiff owns certain real property as a joint tenant with the defendant, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated August 25, 2010, which, upon a decision of the same court dated August 5, 2010, made after a nonjury trial, directed the dismissal, with prejudice, of so much of the first cause of action as sought the specific performance of the deed, in effect, directed the entry of

judgment declaring that the plaintiff does not own the subject real property as a joint tenant with the defendant, and directed vacatur and cancellation of a notice of pendency filed in connection with the real property on June 27, 2008.

Ordered that, on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal from the order is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of a judgment, inter alia, declaring that the plaintiff does not own the subject real property as a joint tenant with the defendant.

In 2000 the plaintiff and the defendant became engaged to be married. In 2001 the defendant purchased a vacant lot in the Town of Washington, upon which he subsequently built a house (hereinafter the property). On November 15, 2002, the defendant executed a deed, which was not duly acknowledged before a notary, purportedly conveying the property to himself and the plaintiff as joint tenants (hereinafter the 2002 deed). The 2002 deed was recorded in the Dutchess County Clerk's Office on December 3, 2002. Shortly thereafter, upon the Clerk's discovery that the deed was not acknowledged or notarized, it was returned to the defendant's attorney, who informed the defendant of the defect. Upon learning of the defect, the defendant elected not to file the corrective documents needed to rerecord the deed. The marriage did not take place, and by 2008, the relationship between the parties had ended. The plaintiff commenced this action seeking, in the first cause of action, in effect, a judgment declaring that she owned the property as a joint tenant with the defendant pursuant to the 2002 deed, and specific performance of the 2002 deed. Following a nonjury trial, the Supreme Court found in favor of the defendant and, inter alia, directed the dismissal, with prejudice, of so much of the first cause of action as sought specific performance of the 2002 deed, and, in effect, directed the entry of a judgment declaring that the plaintiff does not own the property as a joint tenant with the defendant. The plaintiff appeals, and we affirm.

"As this case was tried to the court, without a jury, this Court's power to review the evidence is as broad as that of the trial court, with appropriate regard given to the decision of the trial judge who was in a position to assess the credibility of the witnesses" (Bubba's Bagels of Wesley Hills, Inc. v Bergstol, 18 AD3d 411, 412 [2005]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]). Here,

the evidence at trial established that the sole consideration for the defendant's execution of the unacknowledged 2002 deed was a contemplated marriage which did not occur and, thus, the defendant was entitled to rescind the 2002 deed (*see* Civil Rights Law § 80-b; *Von Bing v Mangione*, 309 AD2d 1038 [2003]; *see generally Gaden v Gaden*, 29 NY2d 80, 85-88 [1971]). Accordingly, the Supreme Court properly directed the dismissal, with prejudice, of so much of the first cause of action as sought the specific performance of the 2002 deed, in effect, directed the entry of a judgment declaring that the plaintiff does not own the property as a joint tenant with the defendant, and directed vacatur and cancellation of a notice of pendency filed in connection with the property.

Since this action is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Dutchess County, for the entry of a judgment, inter alia, declaring that the plaintiff does not own the property as a joint tenant with the defendant (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Angiolillo, Florio and Cohen, JJ., concur.