Devine, J.
Appeals (1) from an order of the Supreme Court (Nichols, J.), entered July 5, 2013 in Columbia County, which, among other things, granted plaintiffs motion for summary judgment against defendant Ariadne Singares, and (2) from the judgment entered thereon.
Following the death of her father in 1990, defendant Ariadne Singares (hereinafter defendant), her mother and her siblings inherited shares in a condominium unit located in New York City. Defendant held a 37.7778% interest in the condominium unit and her sister, plaintiff, held a 4.4444% interest. Defendant experienced financial difficulties and, in 2010, sought to obtain a private refinancing loan upon the condominium unit which would enable her to pay off the existing mortgage and recover $125,000 in equity. To proceed with this plan, defendant required the approval of each of the co-owners. She allegedly obtained the approval and an executed power of attorney from each of her family members for this purpose, with the exception of plaintiff.
In September 2010, defendant’s attorney forwarded a proposed power of attorney form to plaintiff, together with a separate document that he had prepared to memorialize an agreement between the two sisters. This agreement provided that, for the stated consideration of $10 “and other good and valuable consideration,” the proceeds of any future sale of the *1240 condominium unit allocable to their combined 42.22% ownership “shall be divided equally between them.” Plaintiff executed and returned this agreement, but refused to execute the power of attorney. In December 2011, the unit was sold. Defendant Andrew F. Blumenthal distributed the proceeds to the various co-owners in accord with their respective interests prior to the purported agreement between plaintiff and defendant. Contrary to the suggestion of our dissenting colleague, defendant maintained that the agreement was invalid after learning that plaintiff intended to rely upon it, but agreed to let the sale move forward and save the dispute between herself and plaintiff for another day. Blumenthal accordingly held in escrow the sum representing the share that was to be transferred by defendant to plaintiff by the terms of the agreement.
Plaintiff thereafter commenced this action demanding enforcement of the terms of the agreement, and subsequently moved for summary judgment against defendant. Defendant opposed the motion and cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiffs motion and denied defendant’s cross motion, finding that the agreement was unambiguous on its face and that extrinsic evidence for the purpose of revealing additional terms was therefore inadmissible. Defendant appeals.[1]
Defendant contends that Supreme Court erred in refusing to consider extrinsic evidence showing that the parties never reached a meeting of the minds as to the consideration for the agreement, specifically a commitment by plaintiff to execute the power of attorney. We have no quarrel with the dissent’s assertion that, where an agreement between parties is unambiguously set forth in writing, “[e]vidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing” (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]; see Schron v Troutman Sanders LLP, 20 NY3d 430, 436 [2013]). We do not, however, share the view of our dissenting colleague that this is what defendant is attempting to do here. In order “ ‘[t]o create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms’ and consideration” (Wild v Hayes, 68 AD3d 1412, 1414 [2009], quoting Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 589 [1999]). Defendant is not arguing that a valid agreement between the par *1241 ties included an unstated commitment by plaintiff to execute the power of attorney; instead, she is asserting that she proposed an agreement upon that understanding, but that there was never a meeting of the minds on the issue sufficient to give rise to a valid agreement. Accordingly, she was entitled to use parol evidence “to show that what appears to be a contractual obligation is, in fact, no obligation at all” (Paolangeli v Cowles, 208 AD2d 1174, 1175 [1994] [internal quotation marks and citations omitted]; see Kamp v Fiumera, 69 AD3d 1168, 1170 [2010]; Jerome Prince, Richardson on Evidence § 11-203 [Farrell 11th ed 2008]).
Turning to that parol evidence, defendant provided an email exchange between her counsel and plaintiff that corroborates her contention that she only agreed to give up a part of the sale proceeds to which she was entitled in return for the grant of plaintiffs power of attorney that would allow her to obtain a refinancing loan. Counsel simultaneously sent the proposed agreement and a power of attorney form to plaintiff and, had she executed both, they would undoubtedly have been construed together (see Whittlesey v Delaney, 73 NY 571, 575-576 [1878]; Smith v Shields Sales Corp., 22 AD3d 942, 943 [2005]). Plaintiff only executed the proposed agreement, however, indicating that a power of attorney was unnecessary because she was “ready, will [ing] and able to attend in person any required closing or meetings.” Plaintiff confirmed that a refinancing was contemplated when she sought further details on “the refinance” the next day, and those details were provided in short order. She then consulted with an attorney and, four days later, abruptly changed course and indicated that the unit “should not be refinanced under any circumstances.” Plaintiff further stated, for the first time, that she did not execute a power of attorney because she was concerned about defendant’s management of the condominium unit.
None of this proof regarding the contours of the deal is contradicted by the language of the proposed agreement, which only refers to the exchange of $10 “and other good and valuable consideration” (see Ehrlich v American Moninger Greenhouse Mfg. Corp., 26 NY2d 255, 258 [1970]; Diamond v Scudder, 45 AD3d 630, 632 [2007]; compare Cammeby’s Equity Holdings LLC v Mariner Health Care, Inc., 106 AD3d 563, 563-564 [2013]). The correspondence between the parties demonstrates, at a minimum, that there was no meeting of the minds as to what that “other good and valuable consideration” was. Indeed, in light of plaintiffs refusal to execute a power of attorney and unwillingness to allow a refinancing to move *1242 forward, one is left to question whether she gave any consideration in return for a greater share in the sale proceeds that rightfully belonged to defendant. Therefore, defendant met her burden of demonstrating that the purported agreement was unenforceable (see e.g. Connolly v Knight, 95 AD3d 926, 927-928 [2012]; Von Bing v Mangione, 309 AD2d 1038, 1040 [2003]).[2]
Plaintiff did not raise any questions of fact in response. An affirmation was submitted by Blumenthal, who handled the closing when the unit was sold, but he gave no explanation as to how he has personal knowledge of the facts surrounding the execution of the agreement. The record thus demonstrates that defendant is entitled to judgment as a matter of law, and we modify the order and judgment of Supreme Court to grant her cross motion insofar as she sought summary judgment dismissing the complaint. Questions of fact continue to exist with regard to defendant’s counterclaim — which asserts that she is entitled to counsel fees due to the sanctionable conduct of plaintiff in commencing this action to recover under the purported agreement — and further proceedings are required upon that issue.
Lahtinen, J.P. and Lynch, J., concur.

. Blumenthal supported plaintiffs position before Supreme Court and has not submitted a brief on this appeal.

. We are unpersuaded that plaintiff is correct in arguing that General Obligations Law §§ 5-1103 and 5-1107 apply to the purported agreement between the parties. In any case, those provisions do not alter the result because the proof demonstrates that plaintiff materially misrepresented the consideration that she was willing to give in order to induce defendant to convey a portion of her ownership interest in the condominium unit (see McFarland v Salerno, 40 AD3d 514, 514 [2007]).