Robert B. Little, Appellant,
against
Louis F. McIntyre, Doing Business as Louis F. McIntyre, M.D., P.C., Respondent.




Robert B. Little, appellant pro se.
Louis F. McIntyre, d/b/a Louis F. McIntyre, M.D., P.C., respondent pro se (no brief filed).

Appeal from a judgment of the City Court of White Plains, Westchester County (JoAnn Friia, J.), entered April 1, 2016. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover damages in the principal sum of $2,120.76, representing the cost of medication for which he did not receive Medicare reimbursement. At a nonjury trial, plaintiff testified that he was covered by Medicare and that defendant Dr. Louis McIntyre had given plaintiff a prescription for an injectible medication for plaintiff's knee pain which plaintiff had to provide to Dr. McIntyre for Dr. McIntyre to administer. When plaintiff asked Dr. McIntyre's office manager if plaintiff would be reimbursed for his purchase of the medication, the office manager told him that she did not know, but that other patients in plaintiff's situation who had received the same medication had not complained about the amount they had received as reimbursement. Plaintiff stated that he subsequently purchased the medication, in reliance upon the office manager's representation, and, ultimately, was denied reimbursement despite numerous applications and subsequent appeals to Medicare. Defendant's office manager testified that she never promised plaintiff that he would be reimbursed in whole or in part by Medicare but confirmed that she had told plaintiff that, after helping other patients with the paperwork, she had heard no complaints from them. Following [*2]the trial, the City Court found in favor of defendant, and a judgment was entered on April 1, 2016 dismissing the action.
In a small claims action, our review is limited to the determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
To the extent that plaintiff seeks to recover under a theory of promissory estoppel, plaintiff's testimony, even if accepted as true, failed to establish the elements thereof (Schwartz v Miltz, 77 AD3d 723 [2010]). Defendant's office manager never made a promise to plaintiff. At best, her statement involved her prediction as to what the response of a third party, Medicare, would be to plaintiff's application for reimbursement. Moreover, plaintiff never indicated that the medical procedure he had undergone had been conditioned upon his being reimbursed for the medication. Under the circumstances, we find that the judgment rendered substantial justice according to the rules and principles of substantive law (see UCCA 1804, 1807).
Accordingly, the judgment is affirmed.
GARGUILO, J.P., and RUDERMAN, J., concur.
TOLBERT, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 09, 2018